Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 190604-13055
DATE: August 31, 2021

REMANDED

Entitlement to an increased evaluation in excess of 50 percent for posttraumatic stress disorder (PTSD) prior to October 15, 2018, is remanded.

REASONS FOR REMAND

The Veteran had active duty service with the U.S. Army from October 1976 to February 1988.

In an April 2018 rating decision, a Regional Office (RO) of the United States Department of Veterans Affairs (VA) granted service connection for PTSD, rated 50 percent disabling effective November 18, 2016. In January 2019, the Veteran requested reconsideration of the assigned evaluation, and in April 2019 the RO awarded a 70 percent rating effective January 2, 2019.

In May 2019, the Veteran initiated an appeal of the April 2019 decision under the AMA, seeking higher level review by the RO; he argued an earlier effective date for the 70 percent rating was warranted. He expressed appreciation of the current 70 percent rating and did not seek a yet higher evaluation. In response, also in May 2019, the RO determined that an earlier effective date of October 15, 2018, was warranted.

The Veteran then sought direct review of this determination by the Board of Veterans' Appeals (Board) in June 2019. In the direct review lane, no additional development takes place, and the record on appeal is that considered by the RO in rendering the decision on appeal. Under the AMA, the Board is bound by favorable findings made by the RO. 38C.F.R. §§20.301, 20.801, 20.802.

In January 2020, the Board denied an increased evaluation in excess of 50 percent for PTSD prior to October 15, 2018. The Veteran filed an appeal to the Court of Appeals of Veterans Claims (CAVC) contesting the Board's January 2020 decision. In November 2020, on the basis of a Joint Motion for Remand (JMR), CAVC vacated and remanded the Board's decision for further consideration. The matter is now before the Board again for further appellate review.

CAVC held that the Board erred when it failed to address whether the duty to assist was satisfied regarding private treatment records noted in two private examination reports. In November 2018, a PTSD disability benefits questionnaire (DBQ) by a private psychologist was submitted. This DBQ indicated that the psychologist had been working with the Veteran and his spouse since April 30, 2018, providing couples therapy to address the PTSD, MDD, and GAD diagnoses. Further, the January 2019 PTSD DBQ completed by another private psychologist noted to, "please see Veteran's counsel records and medical records." CAVC noted that if the VA becomes aware of the existence of relevant records before deciding a claim, VA will notify the Veteran of the records and request that the Veteran provide a release for the records. See 38 C.F.R. § 3.159(e)(2). Therefore, remand is necessary for the Board to address whether the duty to assist is satisfied regarding the private treatment records, noted in the 2 private DBQs. 

Further, CAVC found that the Board failed to address two letters submitted from the Veteran's wife in the January 2020 denial. Therefore, a remand is warranted for the Board to address these matters.

The matters are REMANDED for the following action:

Contact the Veteran and request properly executed releases for any private care providers who have treated him for his PTSD, to include Dr. Donna M. Raposa and Dr. Kimberly Smith-Martinez.

Upon receipt of such, VA must take appropriate action to contact the identified providers and request complete treatment records. The Veteran should be informed that in the alternative he may obtain and submit the records himself.

 

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. Baxter

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.